# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PRECISION SEED CO., et al.,

        Plaintiffs,                            Case No. 3:03-cv-079

       -vs-                                Chief Magistrate Judge Michael R. Merz

CONSOLIDATED GRAIN & BARGE COMPANY,

        Defendant.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

---

This case is before the Court on Plaintiffs' Motion to Compel Production of Documents and for Expenses and Sanctions (Doc. No. 77). Defendant opposes the Motion in its entirety (Doc. No. 81) and Plaintiff has filed a Reply Memorandum in Support (Doc. No. 88).

In its Memorandum in Opposition, Defendant asks this Court to stay decision of the Motion to Compel until the Court has decided the Defendant's pending Motion for Partial Summary Judgment. Given that there are only 107 days left until the discovery cut-off and that this case will be by the time of the trial date now set beyond the presumptive three-year deadline set by the Civil Justice Reform Act, such an approach is not workable. The request to stay is denied.

Plaintiffs assert that they are entitled to discovery measured by the scope of the original Complaint, unaffected by the partial summary judgment already granted Judge Rose. The Court disagrees. There would be little utility to interlocutory summary judgment practice if it did not limit the scope of further proceedings, including discovery. While the Court agrees with the authority cited by Plaintiff that the **pendency** of a motion to dismiss or for summary judgment with respect

1

to a particular claim does not preclude discovery on that claim, the actual disposition of such a motion limits the scope of future discovery in the case.

Plaintiffs complain of the manner in which documents were produced for inspection in February, 2004, asserting that their presence in tractor trailers and their manner of arrangement in boxes cannot possibly have been the way the documents were maintained in the usual course of business.  In response, Defendant has produced evidence by affidavit that in fact this is how the documents were being stored/kept at the time of the inspection and that they had not been placed into that condition in anticipation of the inspection, but had been in essentially that condition since they were placed there for business reasons in October, 2003.

Several principles inform the Court's evaluation of this claim.  First, no litigant is bound to keep records in a manner making them convenient for inspection, so long as they have not been deliberately re-arranged to make them inconvenient for inspection. Secondly, a litigant is not bound to keep documents indefinitely in the manner in which they were kept when in active use.  In other words, if the documents are no longer in active use, a litigant is entitled to store them in any way that makes business sense to it, so long as that way is decided upon for business reasons, and not to frustrate discovery.

Given those principles, the Court declines to sanction Defendant for the manner in which the documents were made available to Plaintiff in February, 2004.  If later deposition discovery discloses any evidence that the documents were intentionally made difficult to use, the Court will revisit this question.

The Court finds that the settlement sheets and settlement sheet summaries are relevant to pending claims and therefore discoverable.  Plaintiff has stated that it would be satisfied with the summaries as opposed to the settlement sheets but seeks to have summary sheets for all the customers referenced in Topics 1 and 8, as opposed to the eighteen which have been produced.

Defendant responds that such documents are not presently in existence, but must be prepared from its computerized records. The parties are in dispute about what "prepared" means, Defendant asserting that it takes the preparer about twenty minutes per report and Plaintiff asserting that all it would take is the press of a button. The Court has not been given all the data needed to resolve this question on a factual basis. It is easy to hypothesize that Plaintiff is correct if the requested summary sheets already exist as compiled documents in Defendant's system and need only to be printed out. On the other hand, if the summary sheet is a report prepared on request by the computer system from a relational database, it is easy to hypothesize that Defendant is correct in that a preparer would have to instruct the system to utilize various parameters to create these reports. The most cost-effective way the Court can imagine to resolve this difficulty is to provide that Defendant's preparer, Mr. Kelly, begin preparation of the requested reports in the presence of Plaintiff's counsel[1]. If desired, Mr. Kelly could be placed under oath and deposed about the process he is conducting. Plaintiffs would then in relatively short order be able to determine the credibility of Defendant's claims about time and costs of preparation of the summaries. If in fact the production of the summaries merely requires a print command, Plaintiffs will be in a position to ask the Court to compel Mr. Kelly to issue that command, unless of course the dispute is resolved by the experiment. If, on the other hand, Plaintiffs learn that Mr. Kelly has been accurate in his estimate of the average amount of time necessary to produce reports, Plaintiffs will be able to decide whether they wish to continue to request all of the reports, in light of the fact that it will then be quite reasonable for the Court to order Plaintiffs to pay for Mr. Kelly's time. In short, if the documents already exist and are merely not being "printed out," Defendant will have every incentive

---

[1]Plaintiffs' explain that their request for access to Defendant's computer system is only a request to observe Defendant's relevant employees retrieving information. That limitation alleviates Defendant's concern about having a litigation opponent roaming through its confidential computer files.

to do the printing forthwith. Conversely, if the documents need to be created, Plaintiffs will be able to decide rationally whether they want to pay for the creation.

With respect to Topic No. 3, the Court finds that Plaintiffs' acquiescence in Defendant's limited production from February, 2004, until the Motion to Compel was filed prevents Plaintiffs from re-expanding the scope of the request on a motion to compel. Plaintiffs' Motion to Compel is denied as to Topic 3.

With respect to Topic No. 4, Plaintiffs are entitled to inspect and copy any documents which were relied upon by Defendant to calculate purchase prices and any premiums paid at the Facilities and Riverside during the Relevant Time Period.[2] It is not a sufficient response for Defendant to state that there is no one document which embodies a formula for such calculation when Defendant indicates there are numerous documents relied upon. Defendant shall produce for inspection and copying the documents relied upon and Plaintiff can then ascertain the method of reliance in deposition.

Topic No. 5 has been resolved.

With respect to Topic No. 6, Defendant avers that it has already produced all of the documents it possesses which are responsive.

Topic No. 7 is resolved by Defendant's agreement to produce the requested documents.

Topic Nos. 9, 11, and 12 are resolved. Plaintiffs have the right, as they indicate in their motion papers, to seek sanctions if indeed the production turns out to have been incomplete.

All documents ordered to be produced or offered for production to resolve this Motion shall be produced for inspection and copying not later than August 5, 2005. Counsel for the parties shall

---

[2]The terms "Facilities," "Riverside," and "Relevant Time Period" are used by the Court with the meaning attributed to them by the parties in the motion papers. As the Court reads the papers, there is no dispute between the parties on these meanings.

promptly consult to arrange for Mr. Kelly's production of the summary sheets under observation of Plaintiffs' counsel.

July 19, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge