# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PRECISION SEED CO., et al.,

       Plaintiffs,  :  Case No. 3:03-cv-079

    -vs-  :  Chief Magistrate Judge Michael R. Merz

CONSOLIDATED GRAIN & BARGE
 COMPANY,
                               :
       Defendant.

---

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DAMAGES NOT DISCLOSED IN PLAINTIFFS' INTERROGATORY RESPONSE AND IN EXPERT REPORT**

---

This case is before the Court on Defendant's Motion in Limine to Exclude Any Evidence Relating to Damages Allegedly Suffered by Plaintiffs that Was Not Disclosed in Plaintiffs' Damages Interrogatory Response and in the Corresponding Expert Report of Gregory H. Toman and Request for Expedited Ruling (Doc. No. 132). Plaintiffs oppose the Motion (Doc. No. 134).

### Procedural History

This case was removed to this Court on March 12, 2003.[1] A Preliminary Pretrial Conference Order was entered by Judge Rose on September 24, 2003, that contemplated phased discovery with liability issues in Phase I and damages issues in Phase II and a trial in June 2005 (Doc. No. 36; See

---

[1]On March 31, 2006, it was officially reported to Congress as having been pending longer than the presumptive three-year limit set by the Civil Justice Reform Act of 1990. Such cases require the highest priority for trial consistent with Speedy Trial settings of criminal cases.

1

also the parties Rule 26(f) Report, Doc. No. 31).

Under Fed. R. Civ. P. 26(a)(1)(C), each party in federal litigation is required to disclose without demand

> a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including material bearing on the nature and extent of injuries suffered;

The parties agreed in their Rule 26(f) Report (Doc. No. 31) to make the Rule 26(a)(1) disclosures on or before August 6, 2003. On that date, Plaintiffs served on Defendant the following statement:

> In their complaint, the plaintiffs seek compensatory damages, punitive damages, an accounting, and attorneys' fees. Counsel for the parties have agreed to postpone any specific computation of any of these categories of damages pending the conclusion of "Phase I" of the parties' discovery. Upon completion of Phase I of discovery, the plaintiffs will automatically, and promptly, supplement this disclosure to provide the necessary computation (and supporting documentation) for all categories of damages remaining relevant at that time.

(Exhibit 1 to Doc. No. 132). Plaintiffs have never supplemented this disclosure.

On September 12, 2003, Defendant served on Plaintiffs the following interrogatory:

> 20. With respect to each item of damage that Plaintiffs claim in the First Amended Complaint, state:
>
> a. the nature of the damages (including but not limited to whether the alleged damage relates to the handling fee, the storage fee, non-payment of weigher/grader, cost of purchase of the Facilities, cost of repairs to the Facilities, and/or cost of demolition of the Facilities);
>
> b. the precise amount of each claim of damage;
>
> c. describe in detail all facts on which you rely in making each claim of damage;
>
> d. describe in detail the method by which you calculate each item of

2

>   damage; and
>
>   e. identify and produce all documents which support, refer or relate in any way to your responses to this interrogatory.

Plaintiffs responded

>   ANSWER:
>   The Plaintiffs object to this interrogatory because it is unrelated to Phase I of discovery in this case. The Plaintiffs will respond to this interrogatory during Phase II of the discovery proceedings.

(Plaintiffs' Responses to Defendant's Third Set of Interrogatories, Exhibit 2 to Doc. No. 132).

On April 21, 2005, Judge Rose entered an Amended Preliminary Pretrial Conference Order which eliminated the phased discovery; set a discovery deadline of November 3, 2005; and continued the trial to its present date, May 22, 2006. After the schedule was amended, Defendant sought an answer to its damages interrogatory. On July 22, 2005, Plaintiffs provided the following answer to Interrogatory No. 20.

>   ANSWER:
>
>   See Plaintiffs' Financial Expert Witness Report, filed July 7, 2005, which contains detailed responses to subparts (a) - (d) above.
>
>   Plaintiffs' financial expert specifically reserved the right to supplement his report based upon additional documents or evidence that might become available.
>
>   In addition, CGB maintains documents that support and will affect Plaintiffs' calculation of damages contained in the Financial Expert Witness Report. These documents, specifically with respect to Topic No. 4, have recently been ordered by the Court to be produced. See Decision and Order (Doc. #101).
>
>   Plaintiffs reserve the right to supplement this response based upon any documents produced as a result of the Court's recent Decision and Order (Doc. #101).

Defendant then deposed Plaintiffs' damages expert, Mr. Toman, just before November 1, 2005, discovery cut-off. He testified that he had no other opinions about damages beyond those he

3

had disclosed and he has never supplemented his testimony or expert report.

On April 26, 2006, after a dispute in settlement negotiations about how much Plaintiffs could recover at trial, Plaintiffs served a supplemental answer to Interrogatory 20 as follows:

> ANSWER:
>
> Plaintiffs object to this interrogatory to the extent that it calls for legal conclusions and seeks information protected by the attorney-client privilege and/or the work product doctrine.
>
> Plaintiffs further state that, at the time this interrogatory was initially answered, and at the time initial disclosures were made pursuant to Rule 26(a)(1), the parties had agreed to implement two phases of discovery - liability and then damages. Without waiving these objections, and subject thereto, Plaintiffs respond as follows:
>
> **a. Damages with respect to remaining claims are as follows:**
>
> Count 1 - breach of contract, failure to negotiate storage fees for second and third year in good faith, non-payment of weigher/grader.
>
> Count 3 - breach of fiduciary duties arising from attempt to form partnership regarding seed program and seed manual.
>
> Count 4 - fraud regarding CGB's intent to work for mutual benefit and concealment of fact that it had no intention of honoring partnership and intended to use seed program for its own use.
>
> Count 5 - violation of Uniform Trade Secrets Act
>
> Count 7 - conversion of Martin Land Company funds
>
> **b. Precise amount of each damage claim:**
>
> Count 1 - $350,000 for storage fees for both years plus $47,000 for weigher/grader for a total of $397,000.
>
> Count 3 - specific dollar amount unknown and to be determined by the jury as no authority addresses measure of damages for breach of fiduciary duty during formation of partnership; however, at the very least, R.C. 1775.20 provides the remedy of an accounting.
>
> Count 4 - specific dollar amount unknown and to be determined by the jury; however, compensatory damages include purchase price of Facilities, travel time and expenses.

> Count 5- specific dollar amount to be determined at trial; while Plaintiffs' economic exert Greg Toman's report states damages in the amount of $152,275, he specifically reserved the right to supplement his opinion on the quantity and expressly based the figure on assumptions and limited documentation; in addition, Sixth Circuit authority permits David Martin to testify as to trade secret damages and the amount of damages will be calculated based on a minimum of 500,000 bushels.
>
> Count 7 - $5,500
>
> c. The facts supporting each claim are found in Greg Toman's expert report, deposition testimony from this case and all documents produced in discovery.
>
> d. The methods of damages calculations are described above and in Greg Toman's expert report; with respect to damages on the trade secrets claim, the $4.75 market price per bushel at relevant time less $3.85 total cost per bushel = 90 cents margin per bushel x number of bushels (500,000 minimum).
>
> e. All documents supporting each damage claim have been exchanged in discovery.

(Exhibit 6 to Doc. No. 132).

## Analysis

Defendant seeks to exclude at trial any damage theory or evidence not disclosed by Plaintiffs' damages expert, Greg Toman, in his report or deposition because it read Plaintiffs' July, 2005, answer to Interrogatory 20 as saying that Toman would be the sole source of damages testimony (Motion Doc. No. 132). Defendant relies on Fed. R. Civ. P. 37(c)(1) which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.
> . . . .

Defendant notes that Plaintiffs never supplemented their Rule 26(a)(1) disclosure and Toman

5

never supplemented his expert report; the only supplementation on damages has been the amended answer to Interrogatory 20 which came less than a month before trial when the parties disagreed in settlement negotiations about Plaintiffs' potential recovery. Defendant argues the amended answer is not timely supplementation because it introduces new theories, new amounts, and at least one new damages witness, Plaintiff David Martin, and Defendant has had no opportunity for discovery on this amended answer. Therefore, Defendant argues, the late supplementation is not justified and certainly not harmless, since discovery has closed.

Plaintiffs oppose the Motion in Limine because they claim: "(A) CGB has not demonstrated the Plaintiffs' response did not comply with Fed. R. Civ. P. 26(a) or alternatively supplementation was justified; (B) CGB was not prejudiced by the supplementation; and (C) CGB's own actions mandate denial of the Motion in Limine." (Memorandum in Opposition, Doc. No. 134, at 2.)

Plaintiffs assert first that Defendant misinterprets their Answer to Interrogatory No. 20 to say they would rely solely on Mr. Toman to testify on damages (Doc. No. 134 at 6), but the Court finds that to be a completely reasonable interpretation of the original Answer. While it indicates Mr. Toman may supplement his report, he has never done so. While it indicates Plaintiff may discover new documents as a result of the Court's order compelling Defendant to produce and may supplement based on those documents, Plaintiffs never supplemented on their own initiative as Rule 26(e) requires and have sought to add far more than numbers derived from late-produced documents.

1. **Duty to Supplement**

Plaintiffs next argue that, before it can justify sanctions under Fed. R. Civ. P. 37(c)(1), Defendant must show that "the 'new' damages information fell within the ambit of Rule 26(a) and, in fact, cannot do so. . . because the Plaintiffs informed CGB of their intention to put on evidence regarding the costs of the subject Facilities over three years ago." *Id*. at 9. Plaintiffs claim

6

Defendant acknowledges this fact in footnote 4 of the Motion in Limine. In fact that footnote reads

> Plaintiffs' claim for damages concerning the purchase price of the Facilities is outrageous. Indeed, on May 31, 2005, CGB previously moved for summary judgment with respect to this exact damages claim. See CGB's Second Motion for Partial Summary Judgment, Document 79-1, pp. 17-19. On June 21, 2005, Plaintiffs responded that such issue was not ripe for this Court's decision. See Pltfs' Opposition to Second Motion for Partial Summary Judgment, Document 90-1, pp. 38-39. Now, Plaintiffs appear to be making a claim for such damages.

(Doc. No. 132 at 5.) In fact, the footnote is not an acknowledgment that Plaintiffs have ever answered Interrogatory No. 20 as to damages for the purchase price of the Facilities. Instead, it is an expression of outrage that, despite having made such a claim during the pendency of the suit, Plaintiffs have not produced an answer to Interrogatory No. 20 with respect to such damages. For example, what is the claimed amount of such damages? Even the April 26, 2006, answer says the amount is as yet undetermined.

With respect to damages for misappropriation of trade secrets, Plaintiffs assert that

> under Ohio law the damages to be awarded for the improper use of a trade secret are often determined by a jury, not by a mathematical calculation established by an expert. Lay witness testimony is unquestionably appropriate for this purpose.

(Memorandum in Opposition, Doc. No. 134, at 6.) Plaintiffs assert that trade secret damages "simply do not fall within the ambit of Rule 26(a)." They purport to quote the Advisory Committee to this effect:

> As explained in the Advisory Committee Notes to the 1993 Amendments to Rule 26, the supplementation "…obligation applies only with respect to documents then reasonably available…. Likewise, a party would not be expected to provide a calculation of damages which, as in may [sic] patent infringement actions, depends on information in the possession of another party or person."

(Doc. No. 134 at 9-10). This is a serious misquotation; quoted language appears in the Advisory

7

Committee Notes to the 1993 Amendments to Fed. R. Civ. P. **26(a)(1)(C)** which prescribes the **initial** disclosure requirement, not in the Notes to Fed. R. Civ. P. **26(e), the supplementation requirement.**

In asserting they had no duty to supplement, Plaintiffs rely on *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 3Fed. R. Serv. 3d 20 (1st Cir. 1985).  However, the First Circuit in that case was interpreting the pre-1993 version of Fed. R. Civ. P. 26(e) which provided

> **Supplementation of Responses**: A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows: . . .

The 1993 Amendments to Rule 26 very substantially changed the obligation to supplement.  The First Circuit itself recognized this in *Klonoski v. Mahlab*, 156 F3d 255 (1st Cir. 1998) holding expressly with respect to *Johnson v. Webster* that "pre-1993 cases analyzing the sanction issue under the pre-amendment rubric retain only limited authority in this post-amendment era." *Id*. at 269, n. 5. *Klonoski* is not cited by Plaintiffs, but was readily revealed when the Court shepardized *Johnson*.

Based on their analysis of Rule 26, Plaintiffs assert they were not required to supplement the prior answer to Interrogatory 20 at all, but that it was "provided solely as a gratuitous accommodation to CGB, as it is the jury that will make this ultimate determination at trial anyway. *See, Avery Dennison Corp. v. Four Pillars Enterprise Co. and P.Y.*, 45 Fed.Appx. 479, 60 Fed. R. Evid. Serv. 353, (C.A. 6, 2002)."  The fact that a jury will decide a question does not excuse a party from telling its opponent what testimony it will place before the jury to make that determination. *Avery Dennison* does not purport in any way to speak to the duties of a party in discovery.

Plaintiffs were under a duty, imposed by Fed. R. Civ. P.  26(e) to timely supplement both their Rule 26(a)(1) disclosures and their answer to Interrogatory 20; their argument that they had no such duty in unpersuasive.

8

**2.      Justification for Late Supplementation:**

Plaintiffs then argue "Mr. Martin's testimony about the Plaintiffs' damages with regard to CGB's unauthorized use of the Seed Manual is solely based upon projections and documents provided by and in the possession of CGB." *Id*. at 10.  They note that the 500,000 bushel projection which will form the basis of Mr. Martin's projected testimony is taken directly from Consolidated's documents produced in discovery.  *Id*.

Plaintiffs claim their late supplementation is justified by Defendant's failure to request supplementation until the time when it was produced. (Memorandum in Opposition, Doc. No. 134, at 11).  Plaintiffs also argue that their failure to supplement is justified by Consolidated's having moved for summary judgment on Plaintiffs' trade secret claim.  *Id*.  They argue "[i]f CGB had provided the Plaintiffs with information regarding Precision Soya, which it was required to do, then the Plaintiffs would have known earlier that trade secret damages would be relevant for trial." *Id*.  However, the duty to supplement under Fed. R. Civ. P. 26(e) is not triggered by an opposing party's request or suspended by an opponent's summary judgment motion.  Instead, "[t]he obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." Advisory Committee Notes to 1993 Amendment to Rule 26(e).

Assuming Plaintiffs learned very late in the discovery period about the Precision Soya-Consolidated 500,000 bushel projection,[2] they were without justification in waiting six months to amend the answer.

**3.      Late Supplementation is Harmless**

---

[2]The Court here merely uses Plaintiffs' characterization of this information, as the Court has not seen this material.

9

Next Plaintiffs assert that their late disclosure is harmless because Count 5 for misappropriation of trade secrets was pled from the very beginning of the case and "the nature of damages available for a violation of Ohio's Uniform Trade Secrets Act call for a determination by a jury and simply do not lend themselves to the absolute, mathematical calculation demanded by CGB."  (Memorandum in Opposition, Doc. No. 134, at 12.)

This argument misses the point entirely.  The fact that a jury will make the determination of damages in no way implies that an opposing party is not entitled to discovery the testimony on which the jury will make that determination.  The authority cited by Plaintiffs does indeed hold that "plaintiffs have used a number of different methods of calculation to determine damages." *Mid-Michigan Computer Systems, Inc. v. Glassman*, 416 F.3d 505, 510 (6th Cir. 2005), *quoting Avery Dennison Corp. v. Four Pillars Enterprise Co.*, 45 Fed. Appx. 479, 485 (6th Cir. 2002).  But this authority supports Defendant's position on the instant Motion rather than Plaintiffs': if there are a number of different methods a plaintiff might choose among for proving damages, a defendant is entitled to know which method this particular plaintiff is choosing in this case, and to know it in time to prepare a defense.

Apparently Plaintiffs now expect to use a "reasonable royalty" approach to damages, which is one of the measures of damages contemplated by Ohio Revised Code § 1333.63 and *Mid-Michigan, supra.*  They state:

> Mr. Martin certainly has the right to testify as to his belief about what a reasonable royalty should be [but] his testimony is not dispositive. In sum then, CGB cannot be harmed or prejudiced by the April supplementation because it is the jury's calculation of royalty damages that is important, not Mr. Martin's.

(Memorandum in Opposition, Doc. No. 134, at 13.)  But even the April 26, 2006, supplementation does not say Plaintiffs are using a reasonable royalty method, what Mr. Martin believes the reasonable royalty rate is, how he reached that conclusion, and why the rate he will testify to is

10

reasonable. The fact that the Sixth Circuit has approved the reasonable royalty method says nothing about Mr. Martin's competence to testify what a reasonably royalty rate is or that he can take the stand to state his "belief" without having disclosed the basis for it prior to trial.

### 4. Competing Discovery Misconduct

In the last section of their Memorandum in Opposition, Plaintiffs ask the Court to weigh any violation of Rule 26(e) which they are found to have committed against Consolidated's discovery violations. They assert "CGB's failure to forward the Precision Soya documentation, standing alone,

more than offsets any harm CGB might experience due to the late supplementation. . . ." (*Id.* at 16), leading to the conclusion Plaintiffs should not be sanctioned at all. In suggesting this would be appropriate, Plaintiffs rely entirely on case authority from before the 1993 Amendment to Fed. R. Civ. P. 37(c)(1) which provides in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.
> . . . .

In interpreting this Rule, the Sixth Circuit has held:

> Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." Vance v. United States, 1999 U.S. App. LEXIS 14943, 1999 WL 455435, at *3 (1999) (footnote omitted); see also Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"). We agree with the circuits that have put the burden on the potentially sanctioned party to prove harmlessness. See Salgado, 150 F.3d at 741-42; Wilson v. Bradlees of New England, Inc., 250 F.3d

11

> 10, 21 (1st Cir. 2001); Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir. 1999). The decision not to impose sanctions is reviewed for an abuse of discretion. See King v. Ford Motor Co., 209 F.3d 886, 900 (6th Cir.), cert. denied, 531 U.S. 960, 148 L. Ed. 2d 298, 121 S. Ct. 386 (2000).

*Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Plaintiffs have not proved that their failure to comply at an appropriate time with Fed. R. Civ. P. 26(e) was either harmless or substantially justified.

The Court expressly rejects Plaintiffs' argument that Defendant's resistance to discovery justifies their late response. The proper method of dealing with discovery violations is to file a motion to compel. When Plaintiffs did so, they received this Court's assistance (See Decision and Order, Doc. No. 101).

**Conclusion**

Accordingly, Defendant's Motion in Limine to Exclude Any Evidence Relating to Damages Allegedly Suffered by Plaintiffs that Was Not Disclosed in Plaintiffs' Damages Interrogatory Response and in the Corresponding Expert Report of Gregory H. Toman is GRANTED. Plaintiffs' damages testimony at trial is limited to that disclosed by Gregory H. Toman in his expert report and deposition. If Mr. Toman states in his expert report that the amount of damages from imposing a reasonable royalty rate is dependent on the number of bushels Consolidated would have sold and Plaintiffs can show the number of bushel projection they rely on was made by Consolidated in documents which Consolidated should have produced earlier but did not produce until the end of discovery or which Plaintiffs had to obtain from Precision Soya, then Mr. Toman may base his testimony on that figure.

May 6, 2006.

                                 s/ Michael R. Merz

                                         Chief United States Magistrate Judge